1  Samuel R. Randall (024517)
   ROBAINA & KRESIN PLLC
2  5343 N. 16th Street, Suite 200
   Phoenix, Arizona 85016
3  Telephone: (602) 682-6450
   Facsimile:  (602) 682-6455
4  srr@robainalaw.com

5  Attorneys for Defendant/Counterclaimant/Third Party Plaintiff

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF ARIZONA

8
   DrapeStyle, Inc., an Arizona corporation,
9                                                  No. CV15-2371-DKD
            Plaintiff,
10
   v.                                              **ANSWER TO PLAINTIFF'S**
11                                                 **COMPLAINT; COUNTERCLAIM**
                                                   **AND THIRD PARTY COMPLAINT**
12 Amy Pearce, a single woman,

13          Defendant.
                                                   **(Demand for Jury Trial)**
14 Amy Pearce, a single woman,

15          Defendant/Counterclaimant,

16 v.

17 DrapeStyle, Inc. an Arizona corporation,

18          Plaintiff/Counterdefendant.

19
   Amy Pearce, a single woman,
20
            Third Party Plaintiff
21 v.

22 Ardith A. Andjelich and David N.
   Andjelich,
23
            Third Party Defendants.
24

25        Defendant Amy Pearce ("Pearce"), by and through her undersigned counsel,

26 states for her Answer to Plaintiff's Complaint ("Complaint" or "Plaintiff's Complaint")

27 as follows:

28

**PARTIES, JURISDICTION AND VENUE**

1.     Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.     In responding to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant admits that she is a single woman who resides in California and alleges that during all relevant times was a California resident. Defendant further admits that she worked for Plaintiff DrapeStyle, Inc. ("DrapeStyle-AZ") from late November 2014 through her termination on August 14, 2015. Defendant admits that during some of the time she worked for DrapeStyle-AZ she worked out of Plaintiff's office in Phoenix, Arizona. Defendant denies the remainder of the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.     In responding to the allegations contained in paragraph 3 of Plaintiff's Complaint, Defendant admits that there is complete diversity but is without sufficient information to either admit or deny the allegation that the amount in controversy exceeds $75,000.00, exclusive of interest and costs and, therefore, denies the same.

4.     Defendant admits that Plaintiff is subject to personal jurisdiction in this District but denies that venue is appropriate in this Court or that conduct giving rise to this matter occurred in this District. Plaintiff denies that under 28 U.S.C. § 1391, venue is appropriate in this District. Rather the appropriate judicial district is the Central District of California as that judicial district is both where the defendant resides and the judicial district in which a substantial part of the alleged events giving rise to the claims occurred. Besides working for a short period at Plaintiff's Arizona facility, Defendant denies the remainder of the allegations contained in the last sentence of paragraph 4 of Plaintiff's Complaint.

**FACTUAL BACKGROUND**

5.     Defendant, upon information and belief, admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.     Defendant, upon information and belief, admits the allegations contained

1    in paragraph 6 of Plaintiff's Complaint.

2       7.    Defendant is without sufficient information to either admit or deny the

3    allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the

4    same.

5       8.    Defendant is without sufficient information to either admit or deny the

6    allegations contained in paragraph 8 of Plaintiff's Complaint and, therefore, denies the

7    same.

8       9.    Defendant is without sufficient information to either admit or deny the

9    allegations contained in paragraph 9 of Plaintiff's Complaint and, therefore, denies the

10   same.

11      10.    Defendant is without sufficient information to either admit or deny the

12   allegations contained in paragraph 10 of Plaintiff's Complaint and, therefore, denies the

13   same.

14      11.    Defendant is without sufficient information to either admit or deny the

15   allegations contained in paragraph 11 of Plaintiff's Complaint and, therefore, denies the

16   same.

17      12.    Defendant is without sufficient information to either admit or deny the

18   allegations contained in paragraph 12 of Plaintiff's Complaint and, therefore, denies the

19   same.

20      13.    Defendant is without sufficient information to either admit or deny the

21   allegations contained in paragraph 13 of Plaintiff's Complaint and, therefore, denies the

22   same.

23      14.    In responding to the allegations contained in paragraph 14 of Plaintiff's

24   Complaint, Defendant admits that on or about September 12, 2014, she, along with

25   Christian and Lisa Sinatra met with the Andjelichs and some other individuals that

26   accompanied the Andjelichs to discuss aspects of DrapeStyle, Inc., then a California

27   business owned by the Sinatras ("DrapeStyle-CA"). Defendant is without sufficient

28   information to either admit or deny the remainder of the allegations contained in

3

1  paragraph 14 of Plaintiff's Complaint and therefore, denies the same.

2       15.    Defendant is without sufficient information to either admit or deny the

3  allegations contained in paragraph 15 of Plaintiff's Complaint regarding what the

4  Andjelichs observed during their visit to DrapeStyle-CA and, therefore, denies the

5  same. Defendant alleges that she worked for DrapeStyle-CA from March 7, 2008

6  through November 25, 2014 with approximately the last two years of her work at

7  DrapeStyle-CA classified as an independent contractor.

8       16.    Defendant is without sufficient information to either admit or deny the

9  allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, denies the

10  same.

11       17.    Defendant is without sufficient information to either admit or deny the

12  allegations contained in paragraph 17 of Plaintiff's Complaint regarding the Andjelichs'

13  conclusions and wants and, therefore, denies the same.

14       18.    Defendant is without sufficient information to either admit or deny the

15  allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, denies the

16  same.

17       19.    Defendant denies the allegations contained in paragraph 19 of Plaintiff's

18  Complaint.

19       20.    Defendant is without sufficient information to either admit or deny the

20  allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies the

21  same.

22       21.    Defendant is without sufficient information to either admit or deny the

23  allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, denies the

24  same.

25       22.    Defendant denies the allegations contained in paragraph 22 of Plaintiff's

26  Complaint. Defendant alleges that before the Christmas break began on December 19,

27  2014, Defendant had a conversation with Mrs. Andjelich wherein she told Mrs.

28  Andjelich that she would be willing to stay on temporarily with DrapeStyle-AZ through

June 2015, that she would rent a temporary apartment in Arizona, that her residence would remain in California, that she had obligations in California, and that she would be traveling frequently home. Mrs. Andjelich and Defendant agreed that Defendant, while she was in California, would work remotely; that they would see how the next few months went and would discuss further employment options at a later date.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint. Defendant alleges that she never moved to Arizona, rather she stayed here temporarily to assist with DrapeStyle's transition to Arizona. Defendant stayed at the Andjelichs' residence from December 7, 2014 through December 19, 2014. Defendant further alleges that she communicated very clearly to the Andjelichs that she had no intention of relocating to Arizona.

24.     In responding to the allegations contained in paragraph 24 of Plaintiff's Complaint, Defendant admits that she leased a short-term apartment for a six-month period beginning in January 2015 to stay at for the times she would be in Arizona assisting with the transition. Defendant denies the remainder of the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     In responding to the allegations contained in paragraph 25 of Plaintiff's Complaint, Defendant admits that she was absent from Arizona for various blocks of time in February and March 2015. Defendant alleges that during these approved absences she assisted the DrapeStyle-AZ team remotely, answering phones, attending to emails, attending meetings through FaceTime and providing quotes and order assistance to customers, etc. Defendant even left her personal iPad at DrapeStyle-AZ's office for the purpose of allowing DrapeStyle-AZ employees to easily contact her for assistance with any issues. Defendant denies the remainder of the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.     In responding to the allegations contained in paragraph 26 of Plaintiff's Complaint, Defendant admits that, on several occasions, she brought issues to the Andjelichs' attention in the hope of improving the working environment to better

1  communicate with DrapeStyle customers. With approximately 80% of DrapeStyle-AZ's

2  business conducted via telephone it was difficult to effectively communicate with

3  customers given the office's loud environment. Customers and DrapeStyle-AZ's

4  workers experienced difficulty hearing each other over various background noises not

5  common to an office environment such as constant noise from blind repair (hammers,

6  metal pounding, etc.), shade risers (shade raising and lowering equipment), washer and

7  dryer, mechanical wood saws used for cutting cornice boards and other window

8  treatments and repair entrance doorbell. Defendant alleges that the inability to have a

9  clear conversation with the customer directly contributed to DrapeStyle-AZ's decreased

10  sales because of the additional challenges to build rapport and instill confidence with a

11  customer or potential customer when there was a lack of consistent hearing or effective

12  communications. Though Mr. Andjelich did take some measures to reduce the noise

13  issues, they were ineffective at blocking much of the noise. In addition to Defendant's

14  raising noise issues, she did complain about exhaust fumes and strong cleaning

15  chemicals that negatively affected her asthma. Defendant denies the remainder of the

16  allegations contained in paragraph 26 of the Plaintiff's Complaint.

17       27.    In responding to the allegations contained in paragraph 27 of Plaintiff's

18  Complaint, Defendant is without sufficient information to either admit or deny how

19  things may have appeared to the Andjelichs or what constituted their beliefs about

20  Defendant and therefore denies the allegations contained in paragraph 27 of Plaintiff's

21  Complaint.

22       28.    Defendant denies the allegations contained in paragraph 28 of Plaintiff's

23  Complaint. Defendant alleges that consistent with her expressed plans to only stay in

24  Arizona to assist in the transition of the business, on March 3, 2015, Defendant

25  presented the Andjelichs with a Proposal for Finalizing Employment that included

26  Defendant no longer working physically in Arizona starting in early April and working

27  remotely from California through May 1, 2015 and that towards the end of May

28  Defendant would make herself available as an independent contractor to provide sales

1    support remotely or for in-home sales in the Orange County, California area. Defendant

2    had a meeting with Mr. Andjelich and it was agreed that Defendant would be returning

3    to California and working full-time remotely. On May 18, 2015, Mr. Andjelich and

4    Defendant agreed that Defendant would continue as an employee for the remainder of

5    2015 working remotely from California.

6         29.    In responding to the allegations contained in paragraph 29 of Plaintiff's

7    Complaint, Defendant denies any implication that she was unavailable to the Andjelichs

8    after she began working exclusively remotely from California on April 6, 2015.

9    Defendant alleges that Plaintiff hired employee Kim Susmark in mid-March, prior to

10   Defendant working exclusively remotely from California. From the time of Ms.

11   Susmark's hire in mid-March until Defendant's termination on August 14, 2014,

12   Defendant trained Ms. Susmark on the day to day operations including but not limited

13   to daily procedures, website, order management, and quoting. Defendant alleges that

14   since the acquisition of DrapeStyle-AZ, Mrs. Andjelich and DrapeStyle-AZ employee

15   Rick Gunter made numerous changes to the phone system. These changes resulted in

16   calls going directly to voicemail or ringing indefinitely without being directed to an

17   extension. Defendant, Ms. Susmark, and another DrapeStyle-AZ employee Deann

18   Gunter all encountered these negative experiences with their phones and voicemail.

19   Defendant frequently emailed the Andjelichs and Mr. Gunter about these issues.

20   Unfortunately, things were no different when Defendant began working exclusively

21   remotely from California. There were times when Defendant's phone would not ring at

22   all. This was very strange to Defendant because when she was working for DrapeStyle-

23   CA the phone rang constantly. On a couple of occasions, Mrs. Andjelich directed the

24   phone to be switched to Ms. Gunter and Ms. Susmark and not to direct calls to

25   Defendant as Mrs. Andjelich, at times, had Defendant work on special projects such as

26   new fabrics, credit card procedures, fee schedules, etc. Defendant denies the remainder

27   of the allegations contained in paragraph 29 of Plaintiff's Complaint.

28        30.    In responding to the allegations contained in paragraph 30 of Plaintiff's

7

1  Complaint, Defendant admits the allegation that while working remotely from

2  California she attended weekly employee meetings via FaceTime. Defendant alleges

3  that these weekly FaceTime meetings consisted of an agenda created by Mr. Andjelich

4  and that most of these items were unnecessary changes to the existing website.

5  Defendant would provide her opinion based on her prior experience. Defendant denies

6  the remainder of the allegations contained in paragraph 30 of Plaintiff's Complaint.

7       31.    Defendant admits the allegations contained in paragraph 31 of Plaintiff's

8  Complaint.

9       32.    Defendant denies the allegations contained in paragraph 32 of Plaintiff's

10  Complaint. Defendant alleges that on May 26, 2015, Ms. Susmark received a call from a

11  customer who was unable to login to her DrapeStyle.com account. Ms. Susmark

12  emailed Defendant to see if Defendant knew a way to access the information for the

13  customer. Defendant responded that in the past Chris Sinatra would access MIVA and

14  get the information. Defendant emailed Mr. Gunter to ask if he could take care of the

15  issue. Based on her previous understanding of the sensitivity of issues surrounding

16  MIVA, Defendant did not request access to MIVA. Rather, following several emails on

17  the issue, Defendant inquired about whether there was a way for this information to be

18  exported from MIVA into an Excel spreadsheet to enable herself and Ms. Susmark more

19  timely access to the information. However, this information never was exported to an

20  Excel spreadsheet for Defendant to access nor did she ever access such information.

21       33.    In responding to the allegations contained in paragraph 33 of Plaintiff's

22  Complaint, Defendant is without sufficient knowledge to either admit or deny the

23  allegations regarding conversations between the Andjelich's and Mr. Sinatra regarding

24  limiting access to MIVA or the Andjelichs' concerns or beliefs and, therefore, denies

25  the same. Furthermore, Defendant denies the allegation that she was provided access to

26  MIVA. Defendant alleges that on May 28, 2014, after discussing this issue with the

27  MIVA expert, it was determined that the best way to access the information was via

28  MIVA. Defendant was then emailed a temporary password and login to access MIVA.

1  Defendant responded by asking where she was to login. Defendant received no response

2  to her inquiry and, subsequently, never logged into MIVA.

3      34.    Defendant is without sufficient information to either admit or deny the

4  allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, denies the

5  same.

6      35.    Defendant is without sufficient information to either admit or deny the

7  allegations contained in paragraph 35 of Plaintiff's Complaint and, therefore, denies the

8  same. Defendant alleges that since June 2015 Mrs. Andjelich had taken Defendant away

9  from primarily answering phones and procuring sales and gave Defendant special

10 projects to complete such as sourcing new fabrics, putting together procedures, pricing

11 calculators, etc. besides lending support when Ms. Susmark needed it.

12     36.    Defendant is without sufficient information to either admit or deny the

13 allegations contained in paragraph 36 of Plaintiff's Complaint and, therefore, denies the

14 same.

15     37.    Defendant is without sufficient information to either admit or deny the

16 allegations contained in paragraph 37 of Plaintiff's Complaint and, therefore, denies the

17 same.

18     38.    Defendant is without sufficient information to either admit or deny the

19 allegations contained in paragraph 38 of Plaintiff's Complaint regarding Plaintiff's

20 investigation and, therefore, denies the same. To the extent that paragraph 38 of

21 Plaintiff's Complaint purports to state a claim or contains allegations of wrongdoing,

22 Defendant denies the same.

23     39.    Defendant is without sufficient information to either admit or deny the

24 allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, denies the

25 same.

26     40.    Defendant admits the allegations contained in paragraph 40 of Plaintiff's

27 Complaint.

28     41.    Defendant denies the allegations contained in paragraph 41 of Plaintiff's

1  Complaint.

2  ## COUNT ONE

3  ## BREACH OF FIDUCIARY DUTY

4  42.    Defendant incorporates by reference all previous responses as though set
5  forth herein.

6  41.    Second paragraph 41[1] of Plaintiff's Complaint contains a legal conclusion
7  to which no response is required. To the extent that second paragraph 41 purports to
8  state a claim or contains allegations of wrongdoing, Defendant denies the same.

9  42.    Defendant denies the allegations contained in second paragraph 42 of
10  Plaintiff's Complaint.

11  43.    Defendant denies the allegations contained in paragraph 43 of Plaintiff's
12  Complaint.

13  44.    Defendant denies the allegations contained in paragraph 44 of Plaintiff's
14  Complaint.

15  45.    Defendant denies the allegations contained in paragraph 45 of Plaintiff's
16  Complaint.

17  46.    Defendant denies the allegations contained in paragraph 46 of Plaintiff's
18  Complaint.

19  ## COUNT TWO

20  ## VIOLATION OF THE ARIZONA'S UNIFORM TRADE SECRETS ACT

21  47.    Defendant incorporates by reference all previous responses as though set
22  forth herein.

23  48.    Defendant admits that certain of DrapeStyle-AZ's client information was
24  password protected and on MIVA. Defendant is without sufficient information to either

25

26  [1] This paragraph was erroneously labeled as paragraph 41 when it is in fact the 43rd
paragraph of Plaintiff's Complaint. So that the paragraph numbers of the Answer
27  correspond with the paragraph numbers of the Plaintiff's Complaint, the erroneous
numbers will be repeatedly herein but designated as "second paragraph 41" and "second
28  paragraph 42".

admit or deny the remainder of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49.    Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.    Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.    Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.    Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

## COUNT THREE

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND PROSPECTIVE BUSINESS ADVANTAGE

57.    Defendant incorporates by reference all previous responses as though set forth herein.

58.    Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 58 of Plaintiff's Complaint and therefore denies the same.

59.    Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

1    60.    Defendant denies the allegations contained in paragraph 60 of Plaintiff's
2    Complaint.

3    61.    Defendant denies the allegations contained in paragraph 61 of Plaintiff's
4    Complaint.

5    62.    Defendant denies the allegations contained in paragraph 62 of Plaintiff's
6    Complaint.

7    63.    Defendant denies the allegations contained in paragraph 63 of Plaintiff's
8    Complaint.

9    64.    Defendant denies the allegations contained in paragraph 64 of Plaintiff's
10   Complaint.

11   65.    Defendant denies the allegations contained in paragraph 65 of Plaintiff's
12   Complaint.

13                              **GENERAL DENIAL**

14          Unless otherwise expressly admitted herein, Defendant denies the truth of each
15   and every allegation set for in Plaintiff's Complaint.

16                           **AFFIRMATIVE DEFENSES**

17   1.     With respect to some or all of Plaintiff's allegations, Plaintiff's Complaint
18   fails to state a claim upon which relief can be granted.

19   2.     Defendant alleges that Plaintiff's Complaint fails to state facts sufficient
20   to justify an award of punitive damages.

21   3.     Defendant alleges that Plaintiff has suffered no damages as a result of any
22   claim contained in the Complaint.

23   4.     Defendant alleges that any and all actions taken by Defendant were just,
24   fair, privileged, with good cause, in good faith, and without malice.

25   5.     Defendant is entitled to setoff based on Plaintiff's failure to reimburse her
26   for business expenses she incurred on behalf of Plaintiff.

27   6.     Defendant is entitled to setoff based on Plaintiff's failure to compensate
28   her through the end of 2015.

12

7.     Defendant is entitled to setoff based on Plaintiff's failure to properly compensate her for work performed.

8.     Defendant reserves the right to assert any additional affirmative defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this litigation.

WHEREFORE, Defendant Amy Pearce respectfully requests that this Court grant judgment in her favor and against Plaintiff DrapeStyle, Inc. as follows:

1.     Dismiss Plaintiff's Complaint with prejudice;

2.     Grant Defendant reasonable costs and attorneys' fees pursuant to A.R.S. §§ 12-341, 12-341.01; and 44-401 *et seq*.;

3.     Award Defendant any other relief that this Court deems appropriate.

## COUNTERCLAIMS AND THIRD PARTY CLAIMS

For her counterclaims, Counterclaimant and Third Party Plaintiff Amy Pearce ("Pearce") alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Pearce is a California resident and was a California resident at all relevant times.

2.     Counterdefendant DrapeStyle, Inc. is an Arizona Corporation with its principal place of business in Maricopa County, Arizona.

3.     Third Party Defendants Ardith A. Andjelich and David N. Andjelich are, upon information and belief, the owners of DrapeStyle, Inc.

4.     The Andjelichs are Arizona residents.

5.     Under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (hereinafter FLSA) this Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims raised herein.

7.     Venue is in this Court is proper under 29 U.S.C. § 216(b) and 28 U.S.C. §

13

1   1391.

2       8.    At all relevant times, Pearce was an "employee" of DrapeStyle, Inc. as

3   defined by 29 U.S.C. § 203(e)(1).

4       9.    The provisions set forth in 29 U.S.C. § 206 and § 207, respectively, of the

5   FLSA apply to DrapeStyle, Inc.

6       10.    At all relevant times, DrapeStyle, Inc., was and continues to be an

7   employer as defined in 29 U.S.C. § 203(d).

8       11.    On information and belief, Third Party Defendants the Andjelichs

9   (collectively referred to herein along with Counterdefendant as "Defendants") are each

10   deemed an "employer" for purposes of the FLSA, including, without limitation, 29

11   U.S.C. § 216, and is co-equally liable with Counterdefendant DrapeStyle, Inc., for all

12   matters related to the FLSA.

13   **FACTUAL BACKGROUND**

14       12.    Pearce began working as an employee for DrapeStyle, Inc., then a

15   California business, on March 7, 2008.

16       13.    Pearce continued working as an employee of DrapeStyle, Inc. in

17   California until sometime in 2012 when her status was changed to that of an

18   independent contractor until November 25, 2014.

19       14.    On approximately November 25, 2014, DrapeStyle, Inc. was sold by its

20   California owners to the Andjelichs who subsequently moved the company to Arizona

21   in late November and early December 2014. Are claims brought herein are against

22   DrapeStyle, Inc., the Arizona corporation, not the California business or its prior

23   owners.

24       15.    In late November 2014, the Andjelichs hired Pearce as an employee of the

25   new Arizona based company still called DrapeStyle, Inc. to assist with the transition of

26   the business from California to the new owners in Arizona.

27       16.    Early on in her employment, Pearce informed the Andjelichs that she

28   would be willing to stay on in Arizona only temporarily, that she would not be moving

1   to Arizona, that she would rent a temporary apartment in Arizona, that her residence

2   would remain in California, and that she would be traveling frequently home to

3   California during this transition period.

4          17.    The Andjelichs and Pearce agreed that Pearce, while she was in

5   California, would work remotely; that they would see how the first few months went

6   and would discuss further employment options at a later date.

7          18.    Consistent with her expressed plans to only stay in Arizona to assist in the

8   transition of the business, on March 3, 2015, Pearce presented the Andjelichs with a

9   Proposal for Finalizing Employment that included her no longer working physically in

10  Arizona starting in early April and working remotely from California through May 1,

11  2015 and that towards the end of May she would make herself available as an

12  independent contractor to provide sales support remotely or for in-home sales in the

13  Orange County, California area.

14         19.    Pearce had a meeting with Mr. Andjelich wherein they agreed that

15  beginning April 6, 2015, Pearce would begin working exclusively remotely from

16  California.

17         20.    On May 18, 2015, Mr. Andjelich and Pearce agreed that she would

18  continue as an employee for the remainder of 2015 working remotely from California.

19         21.    On May 18, 2015, Mr. Andjelich and Pearce further agreed that at the end

20  of 2015, future employment would be based on their mutual needs and desires.

21         22.    Pearce had numerous conversations with Mrs. Andjelich regarding her

22  expectations in relation to Pearce and Pearce's job performance.

23         23.    In these conversations, Mrs. Andjelich always expressed to Pearce that

24  she was doing a great job and that Mrs. Andjelich wanted her to continue working with

25  DrapeStyle, Inc.

26         24.    While working at DrapeStyle, Inc. Pearce's principle duties included

27  answering phones, procuring sales, operations, customer service and working with the

28  production team. Pearce was also, at times, given special assignments by Mrs. Andjelich

15

such as sourcing new fabrics, putting together procedures and creating pricing calculators.

25.    While working at DrapeStyle, Inc., Pearce was misclassified as a non-exempt, salaried employee.

26.    In an average week, Pearce worked 50 hours or more as an employee of for DrapeStyle, Inc.

27.    While working at DrapeStyle, Inc., Pearce did not primarily manage the business, or a customarily recognized department or subdivision.

28.    Pearce did not regularly exercise discretion and independent judgment.

29.    Pearce did not regularly direct the work of two or more employees.

30.    Pearce lacked the authority to hire/fire and advance/promote employees.

31.    Pearce did not handle employee complaints or discipline.

32.    Pearce did not perform exempt duties at least 50% of the time.

33.    Despite being told numerous times by Mrs. Andjelich that she was doing a great job for DrapeStyle, Inc. and despite her employment agreement for a specified duration of time, i.e. through at least December 31, 2015, Pearce was abruptly terminated on August 14, 2015.

**COUNT ONE**

**BREACH OF CONTRACT**

34.    By reference herein, Pearce hereby incorporates by reference each and every allegation in the preceding paragraphs.

35.    Pearce and DrapeStyle, Inc. entered into an employment contract that specified a length of time that Pearce would remain employed.

36.    Pearce substantially performed her job duties.

37.    DrapeStyle, Inc. breached the employment contract by discharging Pearce before the end of the term of the contract.

38.    Pearce was harmed by the discharge in an amount to be determined by the jury.

16

## COUNT TWO

### VIOLATION OF CALIFORNIA LABOR CODE § 2802

39.     By reference herein, Pearce hereby incorporates by reference each and every allegation in the preceding paragraphs.

40.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

41.     In order to discharge her duties for DrapeStyle, Inc. and the Andjelichs, Pearce has incurred reasonable and necessary expenses in the course of completing her job duties.

42.     Such expenses include but are not limited to travel expenses, fuel and other vehicle operating costs, rental car expenses, lodging, electricity, internet charges and remote networking expenses.

43.     DrapeStyle, Inc. and the Andjelichs have failed to indemnify or in any manner reimburse Pearce for these expenditures and losses.

44.     Pearce is entitled to reimbursement for these necessary expenditures, plus interest and attorney's fees and costs, under California Labor Code § 2802.

## COUNT THREE

### VIOLATION OF FAIR LABOR STANDARDS ACT § 207

45.     By reference herein, Pearce hereby incorporates by reference each and every allegation in the preceding paragraphs.

46.     While employed by Defendants, Pearce consistently and regularly worked overtime.

47.     Defendants have intentionally failed and refused to pay Pearce her overtime as required by the provisions of the FLSA.

48.     As a direct result of Defendants' violations of the FLSA, Pearce has suffered damages in not receiving compensation in accordance with § 207 of the FLSA.

49.     Under 29 U.S.C. § 216, Defendants are liable to Pearce for an amount

17

1  equal to one and one-half (1 1/2) times her regular pay rate for each hour of overtime

2  worked per week.

3      50.    In addition to the amount of unpaid wages owed to Pearce, she is entitled

4  to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §

5  216(b).

6      51.    On information and belief, Defendants' conduct in failing to properly

7  compensate Pearce as required by the FLSA was willful.

8      52.    Defendants have not made a good faith effort to comply with the FLSA.

9      53.    Pearce is also entitled to an award of attorneys' fees pursuant to U.S.C. §

10  216(b).

11      WHEREFORE, Pearce respectfully requests that judgment be entered in her

12  favor against DrapeStyle, Inc. and Ardith A. Andjelich and David N. Andjelich:

13          a.    Awarding Pearce damages for breach of her employment contract;

14          b.    Awarding Pearce damages for all expenditures and losses incurred

15              by her in direct consequence of the discharge of her duties for her

16              employer;

17          c.    Awarding Pearce overtime compensation in the amount due to her

18              for all of her time worked in excess of forty (40) hours per work

19              week at an amount equal to one and one-half (1 1/2) times Pearce's

20              regular rate while at work for Defendants;

21          d.    Awarding Pearce liquidated damages in an amount equal to the

22              overtime award;

23          e.    Awarding Pearce reasonable attorneys' fees and costs and expenses

24              pursuant to 29 U.S.C. § 216(b);

25          f.    For Pearce's costs incurred herein;

26          g.    Awarding Pearce's pre-judgment interest, at the highest legal rate,

27              on all amounts set forth in subsections (a) and (b) above from the

28              date of payment due for that period until paid in full;

1    h.    Awarding Pearce's post-judgment interest, at the highest legal rate,

2          on all awards from the date of such award until paid in full;

3    i.    For such other and further relief as the Court deems just and

4          proper.

5    RESPECTFULLY SUBMITTED this 11th day of January 2016.

6                                    ROBAINA & KRESIN PLLC

7

8    By /s/ Samuel R. Randall
     Samuel R. Randall
     Attorneys for Defendant/Counterclaimant/
9    Third Party Plaintiff

10

11                      **DEMAND FOR JURY TRIAL**

12        Plaintiff hereby demands a jury trial in this matter as provided by Rule 38(a) of

13   the Federal Rules of Civil Procedure.

14                                   ROBAINA & KRESIN PLLC

15

16   By /s/ Samuel R. Randall
     Samuel R. Randall
     Attorneys for Defendant/Counterclaimant/
17   Third Party Plaintiff

18                      **CERTIFICATE OF SERVICE**

19        I hereby certify that on the 11th day of January 2016, I caused the foregoing

20   document to be electronically transmitted to the Clerk's Office using the CM/ECF

21   System for filing and transmittal of a Notice of Electronic Filing to the following

22   CM/ECF Registrants:

23   Tod F. Schleier
     Bradley H. Schleier
24   Schleier Law Offices, P.C.
     3101 North Central Ave., Suite 1090
25   Phoenix, Arizona 85012
     tod@schleierlaw.com
26   brad@schleierlaw.com

27   Attorneys for Plaintiff/Counterdefendant

28                                   By      /s/ Gaynell Carpenter

19